IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JIMMY BRIAN SCHOBERT,

    Plaintiff,

vs.                                        Case No. 4:16cv623-MW/CAS

OFFICER S. JONES,
and SERGEANT ATKINS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has filed an amended civil rights complaint, ECF No. 7, under 42 U.S.C. § 1983. Plaintiff's amended complaint has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff's amended complaint *still* does not present his factual allegations in short, numbered paragraphs as is required by Rule 10(b), and as instructed on the complaint form. Pursuant to Federal Rule of Civil Procedure 10(b), all statements shall be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Plaintiff was previously informed that he must comply with

Rule 10(b).  Plaintiff did not do so, but that defect is not the more serious problem.

Plaintiff's amended complaint alleges that Defendant Jones deprived him of his noon meal on two occasions.  ECF No. 7 at 5.  On a third occasion, Plaintiff alleges that he was served a food tray which was "covered with a liquid soap."  *Id.*  Plaintiff contends Defendant Jones was attempting to either poison him or "kill" him.  *Id.*  He further contends that the Defendant threatened to kill him.

The State has a duty required by the Eighth Amendment to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  Yet the denial of one or two meals is not a constitutional violation. Surles v. Cater, No. Cv513-116, 2014 WL 5574748, at *3 (S.D. Ga. Oct. 30, 2014) (holding that missing one morning meal on one occasion was insufficient to sustain an Eighth Amendment claim); *see also* Gardner v. Beale, 998 F.2d 1008 (4th Cir. 1993) (Table) (providing prisoner with only two meals per day with 18 hours between dinner and brunch for 48 days was properly dismissed and insufficient under Eighth Amendment); Green v. Ferrell, 801 F.2d 765, 770–71 (5th Cir. 1986) (noting that serving only two meals per day at the jail rather than three was nutritionally adequate

and caused no medical problems); Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (finding it "doubtful" that prisoner missing fifty meals in five months "was denied anything close to a minimal measure of life's necessities," and commenting that "[m]issing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period."); Berry v. Brady, 192 F.3d 504, 506-08 (5th Cir. 1999) (affirming dismissal of Eighth Amendment claims for missing eight meals over seven months).  Plaintiff's claim that Defendant Jones did not let him eat two noon meals is insufficient to state a claim.

    Additionally, Plaintiff's claim that Defendant Jones served him a food tray containing soap is insufficient.  Plaintiff notes that Defendant Jones was involved in serving the tray, but there are no facts alleged which state that he was responsible for putting soap on the tray.  Instead, the complaint alleges only that Plaintiff was served a tray that had soap on it, a fact which may not have been noticed because Plaintiff alleged the trays were served "covered."  *Id.* at 5; *see also* ECF No. 1 at 5-6.

    Plaintiff has added a claim against Defendant Atkins in the amended complaint.  ECF No. 7 at 6.  Plaintiff alleges that he informed Defendant Atkins about the actions of Defendant Jones.  Defendant Atkins told Plaintiff "that he would order Officer S. Jones to cease his hostile actions"

and told Plaintiff he "would eat in the future, even bringing the tray to [Plaintiff's] cell himself." *Id.* at 6. Those facts do not demonstrate that Defendant Atkins harmed Plaintiff in any way. To the contrary, they reveal that Defendant Atkins acted on Plaintiff's behalf. The amended complaint is insufficient to state a claim against Defendant Atkins.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 25, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.